```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

| | |
|---|---|
| ALPHONSO BUIE, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 3:24-cv-7(CDL) |
| TECHNICAL COLLEGE SYSTEM OF | * |
| GEORGIA *doing business as* | |
| ATHENS TECHNICAL COLLEGE, | * |
| Defendant. | * |

## O R D E R

Alphonso Buie was an instructor and program chair at Athens Technical College until he was terminated in 2023. Buie contends that he was subjected to discrimination based on his disability and that he was terminated in retaliation for requesting an accommodation. Buie asserts claims against the Technical College System of Georgia ("the System"), doing business as its unit institution Athens Technical College, under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* The System filed a motion for summary judgment on all of Buie's claims. For the following reasons, that motion (ECF No. 30) is denied.

### SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Buie, the record reveals the following facts.

Alphonso Buie worked for Athens Technical College starting in 2020, first as the Program Chair of its Hotel Restaurant and Tourism Management Program before taking on the additional role of Program Chair of the Culinary Program in 2021. When Buie began his employment at Athens Tech, he signed an acknowledgement form which stated that he "read and underst[oo]d the policy and procedures" of Athens Tech and that he understood his failure to comply with those policies and procedures "may result in . . . termination" of his employment. Buie Dep. Ex. 3, Policies & Procedures Acknowledgement (Dec. 14, 2020), ECF No. 21-3. One such policy was the Acceptable Computer and Internet Use Procedure, which stated that "Technical College-provided computers, networks,

and [i]nternet access" could not be used "[t]o create, access, or transmit sexually explicit, obscene, or pornographic material" or "[t]o conduct private or personal for-profit activities" including "business transactions, private advertising of products or services, and any activity meant to foster personal gain." Floyd 30(b)(6) Dep. Ex. 19, Acceptable Computer and Internet Use Procedure 1601-1603, ECF No. 24-3 ("Computer Policy").

Buie was also bound by the Other Employment Procedure, which required that employees "must first request approval" from the HR Director before "accepting other [e]mployment." Buie Dep. Ex. 2, Other Employment Procedure 1626, ECF No. 21-2. The stated purpose of the Other Employment Procedure was to avoid "any outside business activity or other employment relationship that creates or could be perceived as creating a conflict of interest . . . ." *Id.* at 1621. The policy defined "Other Employment" to include "working as an employee for any business or organization, contracting to provide a service for a fee, serving as a consultant for a fee or honorarium, or self-employment." *Id.* at 1622. While still employed by Athens Tech, Buie began providing services through his interior design business, Place of Peace, as a hobby in December of 2022. Although some of Buie's colleagues at Athens Tech, including his direct supervisor Christina Wolfe, were aware that he did interior design "on the side," Buie never requested

3

permission from the college to work for Place of Peace. Buie Dep. 131:24-132:4, ECF No. 21.

On September 5, 2023, Buie, who suffered from anxiety and depression, experienced a panic attack at work and promptly returned home. Buie thereafter emailed Wolfe to inform her about his panic attack and forwarded a letter from his therapist to Wolfe and HR Director Sherri Heath on September 8. In the letter, Buie's therapist requested that Buie be allowed to telework on Fridays so that he could attend therapy sessions. Wolfe 30(b)(6) Dep. Ex. 59, Therapist Letter (Sep. 8, 2023), ECF No. 28-10. Upon learning about Buie's panic attack, Heath instructed Buie to "[s]tay home" and advised him to consider taking leave under the Family and Medical Leave Act ("FMLA"). Buie Dep. 74:20-75:5. Buie accordingly emailed Heath on September 10 and told her that he wished to take FMLA leave and short-term disability. Heath then sent Buie an FMLA form, which Buie filled out and emailed to Wolfe.

Several days after submitting his FMLA paperwork, however, Wolfe told Buie that Athens Tech President Andrea Daniel did not allow employees to take "intermittent" leave under the FMLA and instructed Buie to return to work because his absence looked like job abandonment. *Id.* at 69:4-9, 90:1-8. Buie returned to work as directed and immediately suffered another panic attack. Heath again told Buie to go home and recommended that he engage in self-care activities, such as taking a spa day or getting a massage.

4

Buie accordingly returned home and resubmitted his FMLA forms with revised leave dates. Buie Dep. Ex. 14, Buie FMLA Forms, ECF No. 21-16 at 1-3. Taking Heath's advice, Buie also used his iPhone to look for massage providers. Buie, who is gay, utilized the website rentmasseur.com, a "gay-friendly" site from which users can hire masseuses who provide both therapeutic and erotic massage services. Buie Dep. 144:17-21. At some point afterward, Buie's iPhone "synced" to his state-owned laptop through Google Drive, thereby causing all websites searched from his iPhone, including rentmasseur.com, to appear on his work laptop's browser history.

In the following days, Buie and Athens Tech continued to communicate with each other regarding his accommodation request. In Buie's words, "it seemed like on [Athens Tech's] end they were trying to figure it out and still give me options, and then those options would get turned down and then they would present me with something else . . . ." *Id.* at 101:11-16. For example, on September 13-14 Buie sent emails to Wolfe and Heath identifying possible short-, medium-, and long-term accommodations. Buie Dep. Ex. 11(A), Emails 936-37 (Sep. 13-15, 2025), ECF No. 21-11. Heath responded to Buie's email on September 15, noting that Athens Tech was "trying to come up with an accommodation" for Buie and that she would send Buie accommodation forms the following Monday to send to his physician. *Id.* at 936. On the same day, Wolfe offered to flex Buie's work hours to accommodate his upcoming medical

5

appointments.  Buie Dep. Ex. 11(B), Emails (Sep. 15, 2025), ECF No. 21-12 at 2.  Finally, on September 20 Heath emailed Buie regarding his request to take short-term disability, providing him with contact information and notifying him of a 30-day waiting period before he would become eligible to receive disability payments.  Buie Dep. Ex. 12, Emails (Sep. 10, 18, & 20, 2023), ECF No. 21-14 at 3.

On September 22, while Buie was out on leave, Athens Tech employee Fabersha Flynt told Daniel that Buie was engaged in other employment on college time.  After receiving this information, Daniel contacted Lenzy Reid, VP of Student Affairs, and asked him to direct Athens Tech's IT Department to investigate whether Buie conducted a private business during the workday or with school resources.  Then, on September 25, Daniel received an anonymous letter claiming that Buie used Athens Tech computers and laptops to conduct his personal business.  Daniel 30(b)(6) Dep. 48:22-49:11, ECF No. 23; Daniel 30(b)(6) Dep. Ex. 30, Anonymous Letter, ECF No. 23-7.

Later the same day, Reid told Daniel that IT found evidence of Buie operating another business that was incorporated several months earlier.  IT subsequently emailed Daniel a sample of chrome browser logs from Buie's state laptop which showed Buie purchasing and researching furniture, fixtures, and wall art.  Daniel 30(b)(6) Dep. Ex. 31, Browser Logs Email 640-41 (Sep. 25, 2023), ECF No.

6

23-8. The laptop's browser logs also showed visits to the rentmasseur.com website. *Id.* at 641-42. Additionally, Daniel received documents of quotes and invoices for Buie's interior design work. Daniel 30(b)(6) Dep. 118:15-119:6; Daniel 30(b)(6) Dep. Ex. 36, Interior Design Quotes and Invoices, ECF No. 23-13 at 1-16. While reviewing the browser history logs, Daniel accidentally opened one of the rentmasseur.com URLs and saw what she considered to be "[s]exually explicit" and "obscene" material, including "nudity and males in underwear." Daniel 30(b)(6) Dep. 73:2-7. During its investigation, the IT Department did not consider whether another device, such as Buie's iPhone, created the browser history logs.

After reviewing the investigation's findings, Daniel asked Heath and VP of Academic Affairs Kristen Douglas to meet with Buie on September 27 so she could get "his side of the story." *Id.* at 84:20-25. During the meeting, Buie admitted that there were interior design-related invoices on his state laptop but denied accessing sexually explicit websites while using state resources. Buie Dep. 156:6-14. Buie did not explain that the browser history from his iPhone synced to his work laptop. Douglas relayed Buie's answers to Daniel over the phone, who immediately decided to terminate Buie. In total, the meeting lasted approximately five minutes. Daniel testified that she made the decision to end Buie's employment because his operation of Place of Peace and visits to

7

rentmasseur.com using state equipment violated the Other Employment and Acceptable Computer and Internet Use procedures. Daniel 30(b)(6) Dep. 95:12-18. Buie's workplace accommodations were still under consideration at the time of his termination.

The U.S. Department of Labor ("DOL") investigated Buie's termination after he filed a complaint alleging that Athens Tech violated his rights under the FMLA. The DOL's investigative report concluded that "hearsay" caused Daniel to open the investigation into Buie and that Daniel initially intended to give Buie a written notice for operating Place of Peace without permission but decided to terminate him after seeing activity on his work laptop "that she perceived as inappropriate or pornographic." Pl.'s Resp. to Def.'s Mot. Summ. J. Ex. 4, DOL Report 3-4, ECF No. 32-4. The DOL's investigator found, however, that "there was no nudity or pornographic pictures" on the rentmasseur.com website links. *Id.* at 4. Finally the report noted that, although several Athens Tech employees stated they were informed by Daniel that she received an anonymous letter disclosing Buie's interior design business, the letter was never mentioned by Daniel during the DOL investigator's interview with her. *Id.* at 7.

## DISCUSSION

Buie asserts discriminatory termination, failure to accommodate, and retaliation claims under Section 504 of the

8

Rehabilitation Act of 1973, 29 U.S.C. § 794.  The System moves for summary judgment on each of Buie's claims.

Section 504 of the Rehabilitation Act prohibits covered employers from discriminating against an employee "solely by reason of" his disability.  29 U.S.C. § 794(a).  To establish discrimination under the Rehabilitation Act, a plaintiff must show that (1) he has a disability, (2) he is a qualified individual, and (3) he was subjected to unlawful discrimination because of his disability.  *Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1334 (11th Cir. 2022) (quoting *Sutton v. Lader*, 185 F.3d 1203, 1207-08 (11th Cir. 1999)).[1]  Ultimately, "the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent."  *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 946 (11th Cir. 2023)(quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011)).  It is undisputed that Buie had a disability (his mental health condition) and was a qualified individual, but the System argues that Buie cannot create a genuine fact dispute that he was discriminated against because of his disability.  But he can.

---

[1] "Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases . . . ."  *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

Buie contends that he requested an accommodation and, instead of engaging with him in the interactive process, Athens Tech fired him. An employer unlawfully discriminates against a qualified individual on the basis of a disability when the employer fails to make "reasonable accommodations" for the physical or mental limitations of an otherwise qualified individual with a disability – unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5)(A). Here, Buie requested an accommodation on September 8 in the form of a modified work schedule that allowed him to telework on Fridays. After Buie submitted his FMLA paperwork, however, Wolfe told him that Daniel did not allow "intermittent" FMLA leave and instructed Buie to return to work, thereby effectively denying his request.[2] Buie, however, pointed to evidence from which a jury could conclude that allowing him to take leave on Fridays would not have posed an undue hardship on Athens Tech: HR Director Heath testified that she would have approved Buie's intermittent leave request were the decision left to her. Heath Fact Dep. 30:21-24, ECF No. 25. What's more, only fourteen days after his accommodation request, Athens Tech opened an investigation into Buie for alleged misconduct that ultimately

---

[2] Buie's present action does not include a claim for FMLA interference, which requires a plaintiff to show that "[he] was entitled to an FMLA benefit and [his] employer denied [him] that benefit." *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1274 (11th Cir. 2020).

10

resulted in his termination on September 27.  "[D]iscriminatory intent may be inferred" from evidence of "suspicious timing," among other things.  *Tynes*, 88 F.4th at 946 n.2 (quoting *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022)).  From this circumstantial evidence, a reasonable jury could find that Buie's termination was causally connected to his accommodation request.

Athens Tech argues that even if the timing of Buie's termination suggests causation, Athens Tech offered legitimate nondiscriminatory reasons for Buie's termination and that the Court should find that these proffered reasons foreclose Buie's claims as a matter of law.  But Buie pointed to evidence from which a reasonable factfinder could conclude that each of Daniel's stated reasons for terminating him were pretext for unlawful discrimination.  Daniel's first reason for terminating Buie was that he violated the Other Employment Procedure by operating Place of Peace without receiving prior permission from Athens Tech.  But Buie pointed to evidence that Place of Peace began as a hobby, and that his direct supervisor, Wolfe, knew about Place of Peace yet never treated Buie's operation of that business as a violation of Athens Tech's policies.

Even if the Other Employment Procedure required Buie to disclose that he operated Place of Peace, Buie pointed to evidence that a non-disabled Athens Tech employee violated the same policy— and others—but was not terminated.  *See id.* (noting that evidence

11

which is "likely to be probative" of discrimination includes "systematically better treatment of similarly situated employees"). Jason Cobb, a non-disabled culinary instructor who did not request any disability accommodations, ran a catering business while employed at Athens Tech. He used Athens Tech's kitchens and told his students that they could only receive extra credit if they worked for his catering business. He also yelled and cursed at his students. The Athens Tech administration concluded that Cobb violated the Other Employment Procedure as well as Athens Tech's policies regarding ethics and the improper use of facilities. Daniel 30(b)(6) Dep. 135:9-14. Cobb was suspended with pay for one day, while Buie was terminated for what a reasonable jury could conclude was a less serious violation of the Other Employment Procedure. Taking all of this evidence together, a reasonable jury could conclude that Buie was punished more harshly because he was disabled and requested an accommodation for his disability. Accordingly, genuine fact disputes preclude summary judgment on this issue.

Daniel's second stated reason for terminating Buie was that he viewed content on his state-owned laptop that violated the Acceptable Computer and Internet Use Procedure. Buie also presented evidence which casts doubt on this proffered reason. At the outset, Buie pointed to evidence that he did not actually misuse his work laptop, but rather that his iPhone browser history

12

"synced" to his work laptop, thereby transferring his website visits from one device to the other. Buie testified, however, that Daniel did not give him an adequate opportunity to explain why the rentmasseur.com browser logs were found on his state laptop but rather terminated him during his meeting with Heath and Douglas, which lasted only five minutes. Finally, Buie pointed to evidence that the content on the rentmasseur.com website was not the kind of "sexually explicit, obscene or pornographic material" prohibited by the policy. Computer Policy 1602. Specifically, Buie contends that the website features therapeutic content and was not exclusively erotic. Buie also pointed to the DOL's investigation report, which concluded that "there was no nudity or pornographic pictures" on the rentmasseur.com website links. DOL Report 4. Buie therefore presented enough evidence for a jury to find that Daniel's second stated reason for terminating him was false and that the real reason was discrimination and/or retaliation.

Because the Court finds that Buie pointed to "enough circumstantial evidence to raise a reasonable inference of intentional discrimination," his claims survive summary judgment. *Tynes*, 88 F.4th at 947 (quoting *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1320 (11th Cir. 2012)). Accordingly, the System's summary judgment motion (ECF No. 30) is denied.

CONCLUSION

For the foregoing reasons, the System's Motion for Summary Judgment (ECF No. 30) is denied.

IT IS SO ORDERED, this 20th day of August, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA